IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2135-FL

| | |
|---|---|
| ALFONSO LUMORRIS WILSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JONATHAN MINER, )<br>)<br>Respondents. ) | ORDER |

The matter is before the court on the motion for summary judgment (DE 17) pursuant to Federal Rule of Civil Procedure 56 of respondent Warden Jonathan C. Miner ("respondent"). The issues raised were fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF THE CASE**

On February 25, 1985, in the Superior Court of the District of Columbia, petitioner was sentenced to a term of imprisonment of "15 years; 18 months (parole violator term)" for the unlawful distribution of a controlled substance, possession of heroin, and failure to appear. (Resp't's Mem. Ex. J, p. 3.) On November 15, 1990, petitioner was released to parole supervision, and was to remain on parole supervision until January 12, 2002. (Id. Ex. B.)

From June 1996 through March 7, 2009, the United States Parole Commission[1] ("the Commission") revoked petitioner's parole on several occasions. (Id. Exs. C-H.) On August 24, 2009, petitioner was released on parole with an expiration date of July 27, 2013. (Id. Ex. I.)

On May 2, 2011, the Commission issued a warrant based upon information from petitioner's supervision officer that petitioner committed the following violations: (1) failure to submit to drug testing; (2) law violation involving possession of heroin and possession of drug paraphernalia; (3) violation of a special condition (drug aftercare); (4) failure to comply with graduated sanction (behavioral modification groups); (5) failure to report to supervising officer as directed; and (6) failure to report change in residence. (Id. Ex. J.) Petitioner subsequently was arrested. (Id. Ex. K.) On November 28, 2011, the Commission informed petitioner that it found probable cause to believe that he had violated the conditions of parole and that it would schedule a parole revocation hearing. (Id. Ex. K.)

On February 29, 2012, the Commission conducted a parole revocation hearing for petitioner. (Id. Ex. L.) On April 5, 2012, the Commission revoked petitioner's parole and denied him credit for the time he spent on parole. (Id.) The Commission issued petitioner a re-parole date of September 29, 2012. (Id.) On September 28, 2012, petitioner was released on parole with five hundred fifty-five (555) days of parole supervision remaining. (Id. Ex. M.)

---

[1] Pursuant to the National Capital Revitalization Act of 1997 ("the Act"), Congress mandated that the federal Bureau of Prisons ("BOP") house D.C. Code Offenders. See Pub.L.No. 105-33, § 11231(a), 111 Stat. 712, 745 (1997) (codified at D.C. Code § 24-131(a)) The Act gives the United States Parole Commission exclusive jurisdiction over all District of Columbia felony prisoners. See Allen v. Cauley, No. 1:11-0337, 2013 WL 2458526, at *3 (S.D.W. Va. June 6, 2013).

On June 8, 2012, petitioner filed this action pursuant to 28 U.S.C. § 2241, challenging the search warrant that resulted in his arrest and being charged with a parole violation. In particular, petitioner alleged that he was being unlawfully detained because the parole violation warrant issued by the Commission was not based upon probable cause.

Respondent subsequently filed a motion to dismiss arguing that petitioner's action was moot because he was released from his parole sentence. The court, thereafter, denied respondent's motion due to the fact that petitioner alleged sufficient collateral consequences.

On November 14, 2013, respondent filed a motion for summary judgment, arguing that petitioner's § 2241 petition is meritless. The motion was fully briefed.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

3

B.  Analysis

Petitioner argues that the Commission's parole violation arrest warrant was not based on probable cause and supported by oath or affirmation. Petitioner relies upon the Ninth Circuit Court of Appeal's decision in <u>United States v. Vargas-Amaya</u>, 389 F.3d 901 (9th Cir. 2004), to support his claim. The court in <u>Vargas-Amaya</u> held that a supervised release violation warrant[2] based on unsworn allegations was invalid because it did not comply with Fourth Amendment standards. <u>Id.</u> at 907.

The holding in <u>Vargas-Amaya</u> is distinguishable from the instant action in that the court in <u>Vargas-Amaya</u> addressed the standards for supervised release warrants, whereas this action pertains to a parole violation warrant to which Fourth Amendment standards do not apply. See <u>Griffin v. Wisconsin</u>, 483 U.S. 868, 877-78 (1987) (holding that a warrantless search of a probationer's home by a probation officer, conducted pursuant to a valid regulation, was reasonable); <u>United States ex rel. Nicholson v. Dillard</u>, 102 F.2d 94, 96 (4th Cir. 1939) ("[A] warrant issued by the Parole Board for the arrest of a paroled prisoner is not to be judged by the same standards as a warrant for the arrest of one merely charged with crime . . . . [T]he purpose of the warrant is merely to restore him to custody and 'to advise him of the purpose of his re-incarceration.'"); <u>Owens-El v. Brunson</u>, No. WDQ-11-0523, 2011 WL 6651330, at *4 (D. Md. Dec. 14, 2011), <u>aff'd</u>, 477 F. App'x 27 (4th Cir. Sept. 5, 2012); <u>see also</u>, <u>Sherman v. United States Parole Comm'n</u>, 502 F.3d 869, 884 (9th Cir. 2007) (holding that "the Fourth Amendment does not require an administrative parole violator

---

[2] The court notes that <u>Vargas-Amaya</u> concerned an interpretation of 18 U.S.C. § 3583(i) and the United States District Court's authority to revoke a term of supervised release after the expiration of the supervised release term based upon issues arising before the expiration of the supervised release term. <u>Id.</u> at 903.

4

warrant to be supported by oath or affirmation.") Thus, the warrant issued by the Commission did not violate petitioner's constitutional rights, and respondent's motion for summary judgment is GRANTED.[3]

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 17) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 30th day of May, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[3] When petitioner was released on parole on September 28, 2012, he had five hundred fifty-five (555) days of parole supervision remaining. (Id. Ex. M.) Accordingly, petitioner's parole supervision terminated on April 5, 2014. Because petitioner no longer is subject to parole supervision, this action, alternatively, is DISMISSED as moot. See Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) ("[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim."); see also, Preston v. United States Parole Com'n, No. PJM-10-1727, 2010 WL 5387833, at * (D. Md. Dec. 22, 2010) (finding § 2241 petition moot where the petitioner was "terminated from parole the remainder of his sentence").

5